## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-CV-63144-RUIZ/STRAUSS

**OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS**,

      Plaintiff,

v.

**MOVING AND STORAGE
ACCOUNTING INC.**, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff's Verified Motion for Attorney's Fees and Costs as to Defendants Maxx J. Socher, Moving Services Accounting and Storage Inc., and Dr. Schlepper Inc. and Memorandum of Law ("Motion") [DE 58]. The Motion was referred to me to take all action as required by law [DE 59]. I have reviewed the Motion, the Supplement thereto [DE 63], and the record in this case. For the reasons discussed herein, I **RECOMMEND** that the Motion [DE 58], as modified by the Supplement [DE 63], be **GRANTED IN PART and DENIED IN PART**. Specifically, I recommend that attorneys' fees be awarded in the amount of $59,256 and that costs be awarded in the amount of $112, for a total award of **$59,368**.

## BACKGROUND

Plaintiff brought this action against Maxx J. Socher, Moving Services Accounting and Storage Inc., and Dr. Schlepper Inc. ("Default Defendants"), as well as three other defendants ("Non-Default Defendants"). The Complaint [DE 1] includes claims under the Florida Deceptive

and Unfair Trade Practices Act ("FDUTPA") and various other claims that stem from the same alleged course of conduct.

The Clerk entered Default [DE 22] against the Default Defendants on May 8, 2019, and the Court entered a Default Final Judgment [DE 57] against them on May 28, 2020.[1]   The Default Final Judgment awards various sums to Plaintiff, and against the Default Defendants, including civil penalties under FDUTPA [*see* DE 57 at ¶ 4].   As set forth in paragraph 9 of the Default Final Judgment, the Court found that "Plaintiff is **ENTITLED** to payment of its attorneys' fees and costs" and directed Plaintiff to file a motion for attorneys' fees and costs.   Consequently, on June 17, 2020, Plaintiff filed the instant Motion [DE 58].   Although the Motion contains a certificate of service reflecting that the Motion was served on all Defendants, no response to the Motion has been filed, and the time to file a response has passed.

As the Motion included various fees and costs solely related to Plaintiff's litigation with the Non-Default Defendants, I directed Plaintiff to file a supplement removing such fees and costs [*see* DE 62].   Consistent with my directive, Plaintiff filed a Supplement [DE 63] to the Motion on August 13, 2020.   As set forth in the Supplement, Plaintiff has reduced the amount of its request for attorneys' fees and costs against the Default Defendants.   Specifically, Plaintiff now seeks to recover $74,070 in attorneys' fees and $112 in costs, for a total of $74,182.

## ANALYSIS

Under FDUTPA, "[i]f civil penalties are assessed in any litigation, the enforcing authority is entitled to reasonable attorney's fees and costs." § 501.2075, Fla. Stat.  As indicated above, civil

---

[1] To ensure consistency, the Court waited to enter Default Final Judgment until the liability of one of the Non-Default Defendants could be determined [*see* DE 43].  However, once Plaintiff and the Non-Default Defendants agreed to a Consent Final Judgment [DE 53], which the Court entered on April 8, 2020, the Default Final Judgment against the Default Defendants was entered.

penalties were assessed against the Default Defendants pursuant to the Default Final Judgment [DE 57]. Thus, as the Court previously found, Plaintiff is entitled to an award of reasonable attorneys' fees and costs against the Default Defendants.

## I.   REASONABLE ATTORNEYS' FEES

When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment,

courts must do it for them.  *Id.*  A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

### A.  Reasonable Hourly Rate

Plaintiff requests that this Court find $450 to be a reasonable hourly rate for attorneys Howard Dargan and Carol DeGraffenreidt, who are both Senior Assistant Attorney Generals in the Office of the Attorney General, State of Florida, Department of Legal Affairs.  As the party seeking an award of fees, Plaintiff has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303).  "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299).  "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

As set forth in Mr. Dargan's Declaration [DE 58-1], Mr. Dargan has been practicing as an attorney in Florida for nearly 35 years.  Prior to joining the Florida Attorney General's office over 6 years ago, Mr. Dargan was employed by the U.S. Securities and Exchange Commission for 6 years and the United States Attorney's Office for the Southern District of Florida for 8 years.  He also spent 14 years in private practice.  Mr. Dargan's Declaration also notes that Ms. DeGraffenreidt has over 30 years of litigation experience and that her experience includes nearly

15 years of employment with the United States Attorney's Office for the Southern District of Florida.

Based on my own knowledge regarding reasonable hourly rates in this community and my consideration of applicable law, and given Mr. Dargen's and Ms. DeGraffenreidt's background, experience, and qualifications, I find their requested rate of $450 per hour to be reasonable.  I also note that simply because they are employed by the Florida Attorney General's office and not in private practice does not justify lowering their reasonable hourly rates.  *See Douglas v. Jones*, No. 1D19-954, 2020 WL 3529345 (Fla. 1st DCA June 30, 2020).

**B.  Hours Reasonably Expended**

I have carefully reviewed the time records of Plaintiff's attorneys and the relevant Declarations [DE 58-1 & 63-1] and other materials.  As set forth in the Declaration of Assistant Attorney General Genevieve Bonan [DE 63-1], Plaintiff seeks to recover attorneys' fees for 161.1 hours of time expended by Mr. Dargan and for 3.5 hours of time expended by Ms. DeGraffenreidt.

The majority of the hours expended by Plaintiff's attorneys appear to be reasonable, and the time records presented [DE 63-2] do not evidence any duplication.[2]  However, some of the time presented does appear to be excessive.  In addition, Plaintiff's counsel's time entries include some vague descriptions (*e.g.*, "attention to litigation matter") and some non-compensable clerical or administrative entries (*e.g.*, "pull docket sheet").  Although I can readily observe these issues, I am unable to deduce with any degree of precision the specific number of hours that must be deducted because Plaintiff's attorneys' time entries contain a substantial amount of block billing (as discussed in further detail below).  *See Bank v. Tien*, No. 04-CV-20834, 2015 WL 10911507,

---

[2] In fact, all of the time entries presented to the Court in DE 63-2, with the exception of Ms. DeGraffenreidt's 2 entries, pertain to a single timekeeper (Mr. Dargan).

at *5 (S.D. Fla. Sept. 29, 2015), *report and recommendation adopted sub nom. Am. Univ. of the Caribbean v. Tien*, No. 04-20834, 2015 WL 10911508 (S.D. Fla. Oct. 14, 2015) ("Counsel's practice of block billing, however, makes it impossible for the undersigned to ascertain how much time was spent on each task.").

Nevertheless, it is axiomatic that trial courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)). Across-the-board reductions have, in fact, been approved to address block-billing issues. *See Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012) (citations omitted).

"'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Id.* That is exactly what Plaintiff's attorneys have done here.[3] Neither attorney has more than one time entry on any day, and most time entries list more than one task. Some list several tasks. For instance, Mr. Dargan's January 16, 2019 entry for 3.9 hours lists more than 10 tasks. Although that appears to be one of his

---

[3] I do not fault Plaintiff's attorneys for doing so. As attorneys in the public sector, I am sure their time entries are more than adequate for what is generally required of them. However, the Court cannot overlook the substantial amount of block billing utilized by Plaintiff's counsel in awarding attorneys' fees against others.

lengthier entries (in terms of the volume of tasks listed), many other entries also list multiple tasks (including a 10.1 hour entry on August 14, 2019).

I note that simply because "an attorney has included more than one task in a single billing entry is not, in itself, evidence of [impermissible] block-billing. When those tasks are intertwined, including a thorough description of the activities performed clarifies, rather than obscures, the record." *Zendejas v. Redman*, No. 15-81229-CIV, 2019 WL 1429403, at *1 (S.D. Fla. Mar. 27, 2019) (quoting *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1312 (S.D. Fla. 2009)). However, listing several *distinct* tasks in a single entry, as Mr. Dargan often did, constitutes impermissible block billing. *See Tien*, 2015 WL 10911507, at *4 ("Counsel's time records contain instances of 'block billing,' which is the disfavored practice of including multiple *distinct* tasks within the same time entry without specifying the amount of time spent on each task." (emphasis added) (citations omitted)).

Based on my thorough review of Plaintiff's attorneys' time entries, it seems clear that more than 10% of the hours billed are excessive. It is also apparent that the majority of the hours included are reasonable and that fewer than one-third of the hours merit reduction. Thus, having carefully scrutinized all time entries, I recommend a 20% across-the-board reduction. This represents a reasonable reduction for Mr. Dargan's hours based upon the issues noted above. With respect to Ms. DeGraffenreidt, it is also a reasonable reduction. The 2 entries presented for Ms. DeGraffenreidt are for 1 hour and 2.5 hours. The 1 hour entry is reasonable. However, the 2.5 hour entry combines two distinct tasks, the second of which appears to relate solely to the Non-Default Defendants.[4] Notably, the Eleventh Circuit has upheld both higher and lower across-the-

---

[4] I note that, overall, Plaintiff did a thorough job in removing hours that relate to only the Non-Default Defendants. For the very limited hours related to the Non-Default Defendants that remain, the recommended reduction of 20% is sufficient to account for such time.

board reductions that were made on account of block-billing issues. *See Dial HD, Inc. v. ClearOne Commc'ns*, 536 F. App'x 927, 931 (11th Cir. 2013) (finding that the district court "reasonably applied a 25% across-the-board reduction to the fees charged by one law firm based on its conclusion that the firm used block billing, making it difficult to ascertain how much time was spent on each task."); *Ceres Envtl. Servs.*, 476 F. App'x at 203-04 ("Given the district court's wide discretion in setting the fee award, Ceres's burden in documenting its entitlement to the award, and the well-recognized problem of block billing, we cannot say the district court abused its discretion in addressing the problem in this case by applying a 10% reduction in counsel Dix's billable hours.").

Applying the recommended 20% reduction, I find that 128.88 of Mr. Dargan's hours are reasonable and that 2.8 of Ms. DeGraffenreidt's hours are reasonable. Consequently, the lodestar figure for this matter is $59,256. This includes $57,996 for Mr. Dargan (128.88 hours * $450) and $1,260 for Ms. DeGraffenreidt (2.8 hours * $450). I find the lodestar amount of $59,256 to be reasonable.

## II.   COSTS

As set forth in Ms. Bonan's Declaration [DE 63-1], Plaintiff seeks to recover $112 in service of process costs (a sum that is substantially less than the amount of costs initially sought in the Motion). The $112 in costs are comprised of four separate charges of $28 each. These charges pertain to the three Default Defendants. Plaintiff is entitled to recover the service costs under 28 U.S.C. § 1920(1), which provides for the recovery of "[f]ees of the clerk and marshal," and which encompasses the recovery of process server fees. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). Moreover, the charges are reasonable and taxable because they do not exceed $65 (individually). *See id.* at 624 ("[A] district court does not abuse its discretion

in taxing private process server fees that do not exceed the statutory fees authorized in § 1921."); 28 C.F.R. § 0.114(a)(3) (reflecting the $65 service rate for the U.S. Marshals Service). Therefore, I recommend that the requested costs of $112 be awarded.

## CONCLUSION

For the reasons discussed above, I **RECOMMEND** that the District Court enter an Order **GRANTING IN PART and DENYING IN PART** the Motion [DE 58], as modified by the Supplement [DE 63], and awarding Plaintiff attorneys' fees and costs in the amount of **$59,368** (attorneys' fees of $59,256 and costs of $112).

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 14th day of August 2020.

**Jared M. Strauss**
**United States Magistrate Judge**