**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-CIV-63144-RAR**

**OFFICE OF THE ATTORNEY GENERAL,**
**STATE OF FLORIDA, DEPARTMENT**
**OF LEGAL AFFAIRS,**

      Plaintiff,

v.

**MOVING AND STORAGE**
**ACCOUNTING INC.,** *et al.*,

      Defendants.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss' Report and Recommendation [ECF No. 64] ("Report"), filed on August 14, 2020. The Report recommends that the Court grant in part and deny in part Plaintiff's Verified Motion for Attorney's Fees and Costs as to Defendants Maxx J. Socher, Moving Services Accounting and Storage Inc., and Dr. Schlepper Inc. [ECF No. 58] ("Motion"). *See* Report at 1. The Report properly notified the parties of their right to object to Magistrate Judge Strauss's findings and the consequences for failing to object. *Id.* at 9. The time for objection has passed and no party filed any objections to the Report.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has

acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  See *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").   In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings."  *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because no party has filed an objection to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Strauss's findings.   Rather, the Court reviewed the Report for clear error.   Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [**ECF No. 64**] is **AFFIRMED AND ADOPTED**.

2. The Motion [**ECF No. 58**] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded **$59,256** in attorneys' fees and **$112.00** in costs.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of August, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record
       Magistrate Judge Jared M. Strauss